KILPATRICK TOWNSEND & STOCKTON LLP
STEVEN D. MOORE (State Bar No. 290875)
smoore@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

TAYLOR J. PFINGST (State Bar No. 316516)
tpfingst@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

Attorneys for Plaintiff
ZODIAC POOL CARE EUROPE

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ZODIAC POOL CARE EUROPE<br><br>Plaintiff,<br><br>v.<br><br>WYBOTICS, CO. LTD. (d/b/a WINNY POOL CLEANER, f/k/a TIANJIN WANGYUAN ENVIRONMENTAL PROTECTION AND TECHNOLOGY CO., LTD.), TIANJIN POOL & SPA CORPORATION, a California corporation, SHENZHEN AIPER INTELLIGENT CO., LTD. and AIPER INC., a California corporation<br><br>Defendant. | Civil Action No. 2:22-cv-5271<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: July 29, 2022 |

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Zodiac Pool Care Europe ("Plaintiff" or "Zodiac"), for its Complaint against Defendants Wybotics, Co. Ltd. (f/k/a Tianjin Wangyuan Environmental Protection and Technology Co., Ltd. d/b/a Winny Pool Cleaner) ("Winny"), Tianjin Pool & Spa Corporation ("TPS Corp."), Shenzhen Aiper Intelligent Co., Ltd. ("Shenzhen Aiper"), and Aiper Inc. ("Aiper Inc.") (collectively referred to as "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, *et seq.,* arising from Defendants' acts of infringement of United States Patent No. 8,393,029 (the "'029 Patent") and United States Patent No 8,393,031 (the "'031 Patent") (collectively the "Asserted Patents").

## THE PARTIES

2. Plaintiff Zodiac Pool Care Europe is a French company with its corporate headquarters located at ZA La Balme, 31450 Belberaud, France.

3. Defendant Wybotics, Co. Ltd. d/b/a Winny Pool Cleaner, f/k/a Tianjin Wangyuan Environmental Protection and Technology Co., Ltd. ("Winny") is a Chinese company with its principal place of business located at No. 30, Zhongnan 4th Street, West-Zone Teda, 300462, Tianjin, China.

4. Defendant Tianjin Pool & Spa Corporation ("TPS Corp") is a California corporation with its corporate headquarters located at 2701-2711 Garfield Avenue, Commerce, California 90040.

5. Defendant Shenzhen Aiper Intelligent Co., Ltd. ("Shenzhen Aiper") is Chinese company with its principal place of business located at Units 3201, 3203A, and 3205, Block C, Phase 2 Galaxy World, Minle Community, Minzhi Street, Longhua District, Shenzhen, China.

6. Defendant Aiper, Inc. ("Aiper, Inc.") is a California corporation with its corporate headquarters located at 1429 E 15th St., Los Angeles, CA 90021.

COMPLAINT FOR PATENT INFRINGEMENT — - 1 -

## JURISDICTION AND VENUE

7. This action arises under the laws of the United States, 35 U.S.C. §§ 101, 271, 283, 284, and 285, for patent infringement. The Court has original subject matter jurisdiction over the asserted claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants for at least the following reasons: (1) Defendants have committed acts of patent infringement and induced and contributed to acts of patent infringement by others in this district and in California; (2) Defendants engage in other persistent courses of conduct and derive substantial revenue from products and/or services provided to individuals in this district and in California; and (3) Defendants have purposefully established systematic and continuous contacts with this district and should reasonably expect to be brought into court here.

9. Venue over this action is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because Defendants have transacted business and committed acts of patent infringement in this judicial district and because Defendants TPS Corp and Aiper Inc. each have a regular and established place of business in this judicial district. In addition, venue is proper under § 1391(c)(3) because Defendants Winny and Shenzhen Aiper are foreign companies, and a defendant not resident in the United States may be sued in any judicial district.

## THE ASSERTED PATENTS

10. On March 12, 2013, the United States Patent and Trademark Office issued United States Patent No. 8,393,029 (the "'029 Patent"), entitled "Apparatus For Cleaning A Submerged Surface Including A Brushing Device Driven By Members For Driving The Apparatus On The Submerged Surface" naming Philippe Pichon and Emmanuel Mastio as inventors. A true and correct copy of the '029 Patent is attached to this Complaint as Exhibit A and incorporated herein by reference.

11. The '029 Patent is valid and enforceable.

12. The '029 Patent relates to a robotic pool cleaner for cleaning an immersed surface that comprises a brush driven by the wheels of the cleaner. *See* Exhibit A, Abstract. In particular, the brush is joined to a wheel by means of a brush pinion engaged with a toothed ring on the wheel, causing the rotation of the brush in the same direction as the rotation of the wheel. *Id.* at 3:30-34.

13. Zodiac owns by assignment all right, title and interest in, and has standing to sue for infringement of the '029 Patent.

14. Zodiac has the right to assert all causes of action arising under the '029 Patent and the right to recover any remedies for infringement of it, including the right to sue for past infringement.

15. On March 12, 2013, the United States Patent and Trademark Office issued United States Patent No. 8,393,031 (the "'031 Patent"), entitled "Apparatus For Cleaning A Submerged Surface With Removable Filtration Device" naming Philippe Pichon and Emmanuel Mastio as inventors. A true and correct copy of the '031 Patent is attached to this Complaint as Exhibit B and incorporated herein by reference.

16. The '031 Patent is valid and enforceable.

17. The '031 Patent relates to a robotic pool cleaner that comprises a filtering device with two shells. *See* Exhibit B, Abstract. The first and second shell of the filtering device are fitted together such that the first shell "acts as a pocket for recovering debris" and the second shell "acts as a liquid inlet conduit." *Id.* at 2:53-56. Furthermore, the two shells are capable of being separated for ease of emptying the collected debris and cleaning the filtering device. *Id.* at 2:59-67.

18. Zodiac owns by assignment all right, title and interest in, and has standing to sue for infringement of the '031 Patent.

19. Zodiac has the right to assert all causes of action arising under the '031 Patent and the right to recover any remedies for infringement of it, including the

right to sue for past infringement.

# COUNT 1

# INFRINGEMENT OF U.S. PATENT NO. 8,393,029

20. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 to 19 above as if set forth fully herein.

21. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendants have infringed and continue to infringe the '029 Patent by importing into this district and elsewhere in the United States, using, offering for sale, and/or selling within this district and elsewhere in the United States, products related to swimming pool cleaners, including but not limited to the Winny HJ3172 Bugson, Bugson Plus, Aiper Seagull 1500 Robotic Pool Cleaner, Aiper Smart HJ3172, Aiper Aipury 1500, Ausono Cordless Robotic Pool Cleaner, Paxcess Cordless Automatic Robotic Pool Cleaner, and Aquamoto Scrubo Pro, which incorporate each and every element of one or more of the claims of the '029 Patent and therefore are covered by the '029 Patent (the "Accused Products").

22. Defendants directly infringe one or more claims of the '029 Patent, including but not limited to claim 1, either literally or under the doctrine of equivalents by using, selling, offering for sale, or importing into the United States the Accused Products that embody each element of at least one of the claims of the '029 Patent and will continue to do so unless enjoined by this Court.

23. For example, the Accused Products include the Aiper Seagull 1500 and the Ausono Cordless Robotic Pool Cleaner. The Accused Products meet each and every limitation of at least claim 1 of the '029 Patent. An infringement claim chart is attached to this Complaint for the Aiper Seagull 1500 (*see* Exhibit C) and is incorporated herein by reference.

24. Defendants also indirectly infringe the '029 Patent within the United States by inducement under 35 U.S.C. § 271(b). Defendants learned of the '029 Patent at least as early as receipt of a letter dated February 12, 2016. Since then,

Defendants knowingly and intentionally induced, and continue to induce, others in this judicial district and throughout the United States, including but not limited to Defendants' customers and/or ultimate end users, to directly infringe one or more claims of the '029 Patent, such as claim 1. They do so, *inter alia*, by (1) providing instructions or information to explain how to use the Accused Products in an infringing manner; and (2) touting these infringing uses of the Accused Products in Defendants' Aiper Seagull 1500 Operating Manual (*see* Exhibit D).

25. Defendants also indirectly infringe the '029 Patent by contributing to direct infringement by Defendants' customers and/or ultimate end users under 35 U.S.C. § 271(c) by providing the Accused Products, which, as evidenced by Defendants' own advertising materials, are specifically made for use in a manner infringing one or more claims of the '029 Patent, such as claim 1, and have no substantial non-infringing uses.

26. Upon information and belief, Defendants import the Accused Products into the United States for further sale in the United States.

27. Zodiac has suffered and continues to suffer monetary damages and other injuries as a result of Defendants' past and continuing infringement under 35 U.S.C. § 271. Zodiac has suffered damages in the form of lost profits, lost sales, and/or lost opportunities. Plaintiff is entitled to recover damages to compensate Plaintiff for Defendants' infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

28. Zodiac has been and continues to be irreparably injured by Defendants' past and continuing infringement, inducement of infringement, and/or contributory infringement of the '029 Patent, and Defendants' infringing activities will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

29. Defendants' infringement, inducement of infringement, and/or contributory infringement of the '029 Patent has been and continues to be willful, deliberate, and with knowledge of the '029 Patent, such that Zodiac is entitled to

recover enhanced damages pursuant to 35 U.S.C. § 284 and attorney's fees and other expenses of litigation pursuant to 35 U.S.C. § 285.

## COUNT 2

## INFRINGEMENT OF U.S. PATENT NO. 8,393,031

30. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 to 29 above as if set forth fully herein.

31. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendants have infringed and continue to infringe the '031 Patent by importing into this district and elsewhere in the United States, using, offering for sale, and/or selling within this district and elsewhere in the United States, products related to swimming pool cleaners, including but not limited to the Winny HJ3172 Bugson, Bugson Plus, Aiper Seagull 1500 Robotic Pool Cleaner, Aiper Smart HJ3172, Aiper Aipury 1500, Ausono Cordless Robotic Pool Cleaner, Paxcess Cordless Automatic Robotic Pool Cleaner, and Aquamoto Scrubo Pro, which incorporate each and every element of one or more of the claims of the '031 Patent and therefore are covered by the '031 Patent ("the Accused Products").

32. Defendants directly infringe one or more claims of the '031 Patent, including but not limited to claim 1, either literally or under the doctrine of equivalents by using, selling, offering for sale, or importing into the United States the Accused Instrumentality that embodies each element of at least one of the claims of the '031 Patent and will continue to do so unless enjoined by this Court.

33. For example, the Accused Products include the Aiper Seagull 1500 and the Ausono Cordless Robotic Pool Cleaner. The Accused Products meet each and every limitation of at least claim 1 of the '031 Patent. An infringement claim chart is attached to this Complaint for the Aiper Seagull 1500 (*see* Exhibit E) and is incorporated herein by reference.

34. Defendants also indirectly infringe the '031 Patent within the United States by inducement under 35 U.S.C. § 271(b). Defendants knowingly and

intentionally induced, and continue to induce, others in this judicial district and throughout the United States, including but not limited to Defendants' customers and/or ultimate end users, to directly infringe one or more claims of the '031 Patent, such as claim 1. They do so, *inter alia*, by (1) providing instructions or information to explain how to use the Accused Products in an infringing manner; and (2) touting these infringing uses of the Accused Products in Defendants' Aiper Seagull 1500 Operating Manual (*see* Exhibit D).

35. Defendants also indirectly infringe the '031 Patent by contributing to direct infringement by Defendants' customers and/or ultimate end users under 35 U.S.C. § 271(c) by providing the Accused Products, which, as evidenced by Defendants' own advertising materials, are specifically made for use in a manner infringing one or more claims of the '031 Patent, such as claim 1, and have no substantial non-infringing uses.

36. Upon information and belief, Defendants import the Accused Products into the United States for further sale in the United States.

37. Zodiac has suffered and continues to suffer monetary damages and other injuries as a result of Defendants' past and continuing infringement under 35 U.S.C. § 271. Zodiac has suffered damages in the form of lost profits, lost sales, and/or lost opportunities. Plaintiff is entitled to recover damages to compensate Plaintiff for Defendants' infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

38. Zodiac has been and continues to be irreparably injured by Defendants' past and continuing infringement, inducement of infringement, and/or contributory infringement of the '031 Patent, and Defendants' infringing activities will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

39. Defendants' infringement, inducement of infringement, and/or contributory infringement of the '031 Patent has been and continues to be willful, deliberate, and with knowledge of the '031 Patent, such that Zodiac is entitled to

COMPLAINT FOR PATENT INFRINGEMENT - 7 -

recover enhanced damages pursuant to 35 U.S.C. § 284 and attorney's fees and other expenses of litigation pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Zodiac respectfully requests that the Court:

A. Enter judgment that Defendants have infringed at least one or more claims of the '029 Patent, directly and/or indirectly, literally and/or under the doctrine of equivalents;

B. Enter judgment that Defendants have infringed at least one or more claims of the '031 Patent, directly and/or indirectly, literally and/or under the doctrine of equivalents;

C. Award Zodiac its actual damages as a result of Defendants' infringing activities;

D. Permanently enjoin Defendants from continuing to infringe, induce infringement, or contribute to infringement of the '029 patent, pursuant to 35 U.S.C. § 283;

E. Permanently enjoin Defendants from continuing to infringe, induce infringement, or contribute to infringement of the '031 patent, pursuant to 35 U.S.C. § 283;

F. Award Zodiac damages in an amount to be proven at trial because of the injury suffered by reason of Defendants' infringement of the '029 Patent;

G. Award Zodiac damages in an amount to be proven at trial because of the injury suffered by reason of Defendants' infringement of the '031 Patent;

H. Increase the damages awarded to Zodiac by three times the amount found to be Zodiac's actual damages, as authorized by 35 U.S.C. § 284 as a result of Defendants' willful infringement of the '029 Patent;

I. Increase the damages awarded to Zodiac by three times the amount found to be Zodiac's actual damages, as authorized by 35 U.S.C. § 284 as a result of Defendants' willful infringement of the '031 Patent;

J.    Award Zodiac its expenses of litigation, including reasonable attorney's fees pursuant to 35 U.S.C. § 285;

K.    Award Zodiac prejudgment interest, post-judgment interest, and costs pursuant to 35 U.S.C. § 284; and

L.    Award Zodiac such other and further relief as the Court deems just and proper.

## JURY DEMAND

Zodiac demands a trial by jury on all issues so triable.

DATED: July 29, 2022       Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By:    */s/ Steven D. Moore*
          STEVEN D. MOORE

Attorneys for Plaintiff
ZODIAC POOL CARE EUROPE

COMPLAINT FOR PATENT INFRINGEMENT                                           - 9 -
75516058v.3